IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID FRANCO,

      Plaintiff,

      v.                                                        Case No. 1:24-cv-1052-KWR-SCY

BILL DAVIS TRUCKING, INC
and RONALD GOINGS

      Defendants.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**

THIS MATTER comes before the Court upon the Defendant Bill Davis Trucking's Motion to Strike Plaintiff's First Amended Complaint (**Doc. 9**), Plaintiff's Motion for Leave to Amend (**Doc. 12**) and Defendant's Motion to Dismiss for Failure to State a Claim (**Doc. 7**). Having reviewed the parties' pleadings and the relevant law, the Court finds that the Defendants' motion to strike is **not well-taken**, and therefore, **DENIED**. The Court will also **DENY** Plaintiff's Motion for Leave to Amend as **moot** and will **DENY** Defendant's Motion to Dismiss as **moot.**

BACKGROUND

This personal injury lawsuit arises from an automobile accident between Plaintiff's vehicle and Defendants' commercial motor vehicle. **Doc. 9 at 1; Doc. 1 at ¶10**. On January 30, 2022, Plaintiff pulled his vehicle over on Interstate 40 Westbound to urinate. *Id.* Plaintiff alleges that Defendant Ronald Goings ("Defendant Goings"), who was employed by Defendant Bill Davis Trucking, LLC ("Bill Davis Trucking" or "Defendant") was operating a commercial motor vehicle

1

negligently.  **Doc. 1 at ¶10**.  Defendant Goings struck Plaintiff's vehicle, resulting in Plaintiff's shoulder injury and damage to Plaintiff's vehicle.  *Id*.

Plaintiff filed his first Complaint ("Complaint") on October 17, 2024, alleging negligence on the part of Defendant Goings and on the part of Defendant Bill Davis Trucking via *respondeat superior* liability.  **Doc. 1 at ¶20**.  Defendant Bill Davis Trucking filed a Motion to Dismiss for Failure to State a Claim on December 2, 2024.  **Doc. 7**.  On December 11, 2024, Plaintiff filed his First Amended Complaint with several exhibits ("First Amended Complaint") without leave from the Court.  **Doc. 8**.  Defendant Bill Davis Trucking subsequently filed a Motion to Strike Plaintiff's First Amended Complaint.  **Doc. 9**.  Defendant alleged that Plaintiff improperly filed the First Amended Complaint and that "[t]he time within which Plaintiff may freely amend his Complaint expired on December 2, 2024, when Defendant filed its Motion to Dismiss and Answer to Plaintiff's original Complaint."  *Id.* **at 2**.

Plaintiff filed a document on December 16, 2024, that included several motions: a Response in Opposition to Defendant's Motion to Strike Plaintiff's First Amended Complaint and to Defendant's Motion to Dismiss for Failure to State a Claim, and in the alternative a Motion for Leave to File an Amended Complaint ("Joint Response and Motion to Amend").  **Doc. 12**.  Plaintiff argues that his Complaint is sufficient to survive a Rule 12(b)(6) motion to dismiss, and that alternatively, he should be granted leave to amend his complaint.  *Id.* **at 4**.  Specifically, Plaintiff appears to request that the Court retroactively consider whether Plaintiff should now have leave to file the First Amended Complaint that he has already filed.  *Id.* **at 4**.  Defendant argues in the Response that amendment is futile because the information added in the First Amended Complaint does nothing to make Plaintiff's initial claim of negligent supervision more credible.  **Doc. 16.**  Plaintiff did not file a Reply.  **Doc. 23.**

2

On January 16, 2025, Defendant Goings filed his Answer to the Complaint. **Doc. 26**. The Court addresses Defendant's Motion to Strike and Plaintiff's Motion for Leave to Amend below. The Court will address Defendant's Motion to Dismiss in a separate order if necessary.

## LEGAL STANDARD

### I. Motion to Strike

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). It may do so on its own or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." *Id.* at (1) & (2). "District courts are afforded great discretion regarding control of the docket and parties." *Miller v. Oklahoma Dep't of Hum. Servs.*, No. 23-6119, 2024 WL 2828863 at *3 (10th Cir. June 4, 2024) (internal citation omitted). Moreover, motions to strike "are not favored and, generally, the court should deny them. *Martinez v. Naranjo*, 328 F.R.D. 581, 591 (D.N.M. 2018). Generally, a district court will not strike a pleading unless moving party would be unduly prejudiced. *Miller*, 2024 WL 2828863 at *3; *see also Burrell v. Armijo*, 603 F.3d 825 (10th Cir. 2010) ("In addition, [the moving party does] not argue that the order prejudiced them in their presentation of evidence at trial. Accordingly, even if the court erred in striking portions of the complaint—which we do not suggest—any error was harmless."). "Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy." *Naranjo*, 238 F.R.D. at 591.

### II. Leave to Amend

A party may amend its pleadings once as a matter of course 21 days after serving it or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing

3

party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* at (a)(2). The Court should grant leave to amend unless "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged and allowing [them] an opportunity to amend [their] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991), *quoted in Cohen v. Longshore*, 621 F.3d 1311, 1314–15 (10th Cir. 2010); *Brever v. Rockwell Int'l Corp.,* 40 F.3d 1119, 1131 (10th Cir.1994) (court "should dismiss *with leave to amend* ... if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief."); *Staats v. Cobb*, 455 F. App'x 816, 818 (10th Cir. 2011). Local Rule 15.1 requires that "a proposed amendment to a pleading must accompany the motion to amend." D.N.M.LR-Civ. 15.1.

## ANALYSIS

Because the outcome of Defendant's Motion to Dismiss (**Doc. 7**) depends on which complaint the Court must consider, the Court must first consider Defendant's Motion to Strike (**Doc. 9**) and Plaintiff's Motion for Leave to Amend (**Doc. 12**).

### I.    Defendant's Motion to Strike is denied.

Defendant's Motion to Strike is denied. Plaintiff has an automatic right to amend a complaint within 21 days of a responsive motion and did so here.

District courts retain significant discretion regarding control of the docket and parties. *Miller*, 2024 WL 2828863 at *3. Courts *may* strike pleadings that are redundant or immaterial, but motions to strike "are not favored and, generally, the court should deny them. *Naranjo*, 328 F.R.D. at 591. "Allegations will not be stricken as immaterial under this rule unless they have *no possible bearing on the controversy.*" *Naranjo*, 238 F.R.D. at 591. Defendant has not demonstrated that the allegations in Plaintiff's First Amended Complaint are so irrelevant or

4

without merit as to warrant striking the document. Indeed, Plaintiff's additional allegations and material go directly to Defendant's potential negligent hiring and supervision. *See* **Docs. 8-1, 8-2, 8-3 (allegations regarding traffic offenses by Defendant Goings)**. Given that Defendant Bill Davis Trucking's potential negligence is one half of the claims, Plaintiff's additional allegations have significant bearing on the controversy.

Defendant would not suffer any undue prejudice by allowing Plaintiff's First Amended Complaint to remain on the docket. The crux of Defendant's argument is that Plaintiff needed to request leave from the Court to file the First Amended Complaint. **Doc. 9 at 1**. Defendant is incorrect. Defendant argues that Plaintiff's time to freely amend his Complaint expired on December 2, 2024, when Defendant filed his Motion to Dismiss (**Doc. 7**). *Id.* **at 2**. However, the Federal Rules of Civil Procedure provide that a party may amend its pleadings once as a matter of course 21 days after serving it or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(2). The pleading in question is a complaint, a pleading to which a responsive pleading is required. Thus, Plaintiff had 21 days to amend his complaint following Defendant's Motion to Dismiss. *Id.* Defendant filed the Motion to Dismiss for Failure to State a Claim on December 2, 2024. **Doc. 7**. Plaintiff filed his First Amended Complaint on December 11, 2024. **Doc. 8**. Per the time requirements of Rule 15, Plaintiff had the right to amend his complaint within 21 days of Defendant's motion. Fed. R. Civ. P. 15(a). Plaintiff's filing was timely, and Defendant suffers no undue prejudice from a properly filed amended complaint.

Defendant's Motion to Strike is therefore denied.  Plaintiff retained the right under Rule 15(a)(1) to amend pleadings as a matter of course within 21 days of a motion to dismiss.  The Court will not strike a properly filed complaint that has at least some bearing on the controversy.

### II.     Plaintiff's Motion to Dismiss is denied as moot.

As discussed above, Plaintiff's Complaint was timely filed.[1]  The proposed amendment Plaintiff attached to the Motion is the same as its First Amended Complaint.  **Doc. 8; Doc. 12-1, 12-2, 12-3.**  Plaintiff's Motion for Leave to Amend is therefore denied as moot.

### III.    Defendant's Motion to Dismiss is denied as moot.

Because Plaintiff's First Amended Complaint was properly filed, Defendant's Motion to Dismiss no longer applies to the most current document.  Defendant's Motion to Dismiss is therefore denied as moot.  Defendant may file a new motion in compliance with the Federal Rules of Civil Procedure to address the First Amended Complaint or Defendant may file an answer to the First Amended Complaint. Fed. R. Civ. P. 12.

### CONCLUSION

Therefore, the Defendant Bill Davis Trucking's Motion to Strike Plaintiff's First Amended Complaint (**Doc. 9**) is **DENIED**.  Plaintiff's Motion for Leave to Amend (**Doc. 12**) is **DENIED as moot**.  Defendant's Motion to Dismiss (**Doc. 7**) is **DENIED as moot**.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

---

[1] Moreover, even if Plaintiff's First Amended Complaint was not timely, Plaintiff's Motion for Leave to Amend is also properly before the Court and in compliance with the Federal and Local Rules.  Were it necessary, the Court would grant Plaintiff's Motion for Leave to Amend.  *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").