IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID FRANCO,

    Plaintiff,

    v.                                                  Case No. 1:24-cv-1052-KWR-SCY

BILL DAVIS TRUCKING, INC
and RONALD GOINGS

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT BILL DAVIS TRUCKING, INC.'S MOTION TO DISMISS

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss. **Doc. 35**. Having reviewed the pleadings and applicable law, this Court finds that Defendant's motion is well taken and, therefore, **GRANTED**.

### BACKGROUND

This personal injury lawsuit arises from an automobile accident between Plaintiff's vehicle and Defendants' commercial motor vehicle. **Doc. 9 at 1; Doc. 1 at ¶10**. On January 30, 2022, Plaintiff pulled his vehicle over on Interstate 40 Westbound to urinate. *Id.* Plaintiff alleges that Defendant Ronald Goings ("Defendant Goings"), who was employed by Defendant Bill Davis Trucking, LLC ("Bill Davis Trucking" or "Defendant") was operating a commercial motor vehicle negligently. **Doc. 1 at ¶10**. Defendant Goings struck Plaintiff's vehicle, resulting in Plaintiff's shoulder injury and damage to Plaintiff's vehicle. *Id*.

Plaintiff filed his First Amendment Complaint ("Complaint") on December 11, 2024. **Doc. 8**. Plaintiff alleged several claims, including negligent hiring, negligent training, negligent supervision, negligent retention and negligent entrustment. *Id.* On February 7, 2025, Defendant

1

Bill Davis Trucking, Inc. ("Bill Davis Trucking") filed a Motion to Dismiss for Failure to State a Claim. **Doc. 35**. Defendant alleges that "Plaintiff does not provide any factual support for these causes of action and, instead, relies only on vague conclusory allegations." *Id.* **at 2**. The Court considers the parties' arguments below.

## LEGAL STANDARD

Rule 12(b)(6) permits the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff's complaint must have sufficient factual matter that if true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("*Iqbal*"). As such, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*"). All well-pleaded factual allegations are "viewed in the light most favorable to the nonmoving party." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014). In ruling on a motion to dismiss, "a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555.

## ANALYSIS

Plaintiff asserts two claims: one against each Defendant. Regarding Defendant Bill Davis Trucking, Plaintiff alleges that Defendant is vicariously liable for harms caused by Defendant Ron Goings to Plaintiff. **Doc. 35 at ¶19**. Specifically, Plaintiff makes allegations amounting to negligent entrustment, training, supervision, and entrustment. *Id.* **at ¶19**. Defendant contends that

2

Plaintiff's Complaint amounts to nothing more than merely a conclusory recitation of the elements of negligence, and that Plaintiff has not satisfied the liberal 12(b) standard to survive a motion to dismiss. The Court agrees for several reasons.

Preliminarily, Plaintiff fails to even identify the statute under which the Court is meant to evaluate the sufficiency of Plaintiff's claims. **Doc. 8**. The Tenth Circuit has routinely upheld motions to dismiss where a Plaintiff fails to cite to the relevant statute or case law. *See e.g.*, *Peterson v. Martinez*, 707 F.3d 1197, 1206 (10th Cir. 2013) ("[Plaintiff] does not cite to any provision of Colorado law establishing a connection between the executive director of the Department of Public Safety and enforcement of Colorado's CHL reciprocity regime."); *Mecca v. United States*, 389 F. App'x 775, 779 (10th Cir. 2010) ("The problem, however, is [Plaintiff] never mentioned . . . any . . . state law in his amended complaint."). Plaintiff's recitation of his negligence claim against Defendant appears to be based in New Mexico's sample civil jury instructions, but Plaintiff offers the Court no guidance on where to find these elements in a statute or case, much less any authority demonstrating he is doing anything more than merely reciting elements of a cause of action. *Mecca*, 389 F. App'x at 779 ("[T]he claim should have been made in the amended complaint."); *Twombly*, 550 U.S. at 555. Without any basis in any sort of case law, the Court cannot make any determination about the sufficiency of Plaintiff's Complaint or whether the Complaint alone can reasonably sustain a cause of action. *Collins*, 656 F.3d at 1214. This alone is arguably sufficient to dismiss Plaintiff's claim against Defendant.

Second, Plaintiff merely recites what appears to be the common law elements of negligence, based loosely in New Mexico civil jury instructions. The Complaint merely inserts Defendants' and Plaintiff's names where applicable. *See* NMRA, Rule 13-1647.[1] That is precisely the kind of formulaic recitation of the elements of negligent retention that the Supreme Court has routinely prohibited. *Twombly*, 550 U.S. at 555. Labeling something as negligence without specific plausible facts does not render a complaint sufficient. *Id.*

Aside from his recitation of the elements of a cause of action, the other key piece of Plaintiff's complaint is that an accident did happen. Plaintiff seems to believe that merely asserting that an accident happened is sufficient to get his Complaint across the 12(b)(6) threshold. However, the "mere happening of an accident is not evidence that any person was negligent." NMRA, Rule 13-1616. "The New Mexico Supreme Court has recognized this basic rule in many cases." *Id.* (citing *Anaya v. Tarradie*, 70 N.M. 8, 369 P.2d 41 (1962); *Zanolini v. Ferguson-Steere Motor Co.*, 58 N.M. 96, 265 P.2d 983 (1954)). Without more, the mere fact that an accident happened involving Plaintiff and Defendant Goings is not enough to demonstrate that Defendant Bill Davis Trucking was somehow negligently involved.

---

[1] The entire rule for negligent hiring, supervision, or retention under New Mexico law reads as follows:

> To establish the claim of negligence in [hiring] [supervising] [retaining] an employee, _____ (*name of the plaintiff*) has the burden of proving the following:
> 1. _____ (*Name of the defendant*) was the employer of _____ (*name of the employee*);
> 2. _____ (*Name of the defendant*) knew or should have known that [hiring] [retaining] [supervising] [ _____ (*insert other employer conduct*)[2]] _____ (*name of the employee*) would create an unreasonable risk of injury to [a group or class that includes the plaintiff] [ _____ (*insert name of the plaintiff*)];
> 3. _____ (*Name of the defendant)* failed to use ordinary care in [hiring] [retaining] [supervising] [ _____ (*insert other employer conduct*)] _____ (*name of employee*);
> 4. _____ (*Name of the defendant*)'s negligence in [hiring] [retaining] [supervising] [ _____ (*insert other employer conduct*)] was a cause of _____ (*name of the plaintiff*)'s injury.

NMRA, Rule 13-1647.

Finally, Plaintiff relies heavily on three appendices that offer the Court little discernible information and are of little credibility. First, Plaintiff offers the police incident report from the crash underlying this case. **Doc. 8-1**. However, that report alone is insufficient to find that Defendant Bill Davis Trucking was somehow negligent in its hiring, particularly where Plaintiff offers no authority for the Court to use to evaluate that report. *Mecca*, 389 F. App'x at 779. That report merely details the accident. It does not offer any facts to suggest that Defendant Bill Davis Trucking was somehow also negligently involved in that accident.

Plaintiff's other appendices are similarly unhelpful. Doc. 8-2 is a screenshot of Ronald Goings' driving record in Greene County, IL. **Doc. 8-2**. It allegedly demonstrates that Defendant Ronald Goings received a ticket for driving with an invalid commercial driver's license (CDL) in 2014. *Id.* Doc. 8-3 is a download from the Johnson County District Court in Kansas. **Doc. 8-3**. The download appears to be some sort of citation that Defendant Goings received in 2007 to which he pled guilty and received a $100 fine. *Id.* Plaintiff alleges that this is a violation for driving without a proper logbook

Plaintiff offers these exhibits as support for his claim that Defendant Bill Davis Trucking knew or should have known that Defendant Goings was somehow unfit to drive. However, there is little in these exhibits that "nudge[] his claim across the line from speculative to plausible." *Brent v. T.G. Baker Trucking Inc.*, No. CV 23-01036 KG/JMR, 2024 WL 4119911, at *4 (D.N.M. Sept. 9, 2024). Plaintiff has not alleged sufficient facts to support this conclusion. The exhibits Plaintiff offer cannot even verifiably be traced to this specific Ronald Goings. One is wholly unclear as to its nature, and the other is from more than ten years ago. That is not sufficient to make a negligent hiring claim against Defendant Bill Davis Trucking *plausible*. It is merely sufficient to create speculation as to whether Defendant could have or should have known that a

5

Ronald Goings at some point had some traffic violation. *See id.* ("Plaintiff does not allege, for example, that Defendant Denham had previous traffic violations, a criminal record, or lacked a proper license. Without any facts indicating Defendant T.G. Baker Trucking knew or should have known that Defendant Denham was unfit to drive, Plaintiff has not nudged his claim across the line from speculative to plausible.").

Ultimately, what happened to Plaintiff was unfortunate and terrifying. However, merely the fact that it happened, without more, does not give the Court the authority to allow a deficient claim to proceed past a 12(b)(6) motion.

## CONCLUSION

Defendant's Motion to Dismiss (**Doc. 35**) is **GRANTED**. Plaintiff's claim against Defendant Bill Davis Trucking, Inc. (Count 1) is dismissed **without prejudice.**

**IT IS SO ORDERED.**

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE